## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50233

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 26, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TYSON GREENE MITCHELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of five years, for possession of a controlled substance with the intent to manufacture or deliver, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge
_____

PER CURIAM

Tyson Greene Mitchell pled guilty to possession of a controlled substance with the intent to manufacture or deliver. I.C. § 37-2732(a)(1)(A). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Mitchell to a unified term of twenty-five years, with a minimum period of confinement of five years. Mitchell filed an I.C.R. 35 motion, which the district court denied. Mitchell appeals, arguing that his sentence is excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Mitchell's judgment of conviction and sentence are affirmed.